(C. D. 668)

RICHARD HEILBRUNN v. UNITED STATES

United States Customs Court, Third Division

(Decided July 15, 1942)

*Jordan & Klingaman* (*Jacob L. Klingaman* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Joseph F. Donohue* and *William J. Vitale*, special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: Three high-speed knitting machines with accessories were imported into the port of New York. They were composed in part of steel. Due to a fire which occurred during the voyage the machines suffered partial damage and under authority of article 343 (a) (2) of the Customs Regulations of 1937 an appraisement entry was made and filed on November 2, 1938. On November 14, 1938, a consumption entry was filed. The machines were entered and appraised as machines and parts, at a value of $8,427, made up of the value of the three machines and the value of the accessories, from which was deducted a discount of 12 per centum. The appraiser reported that the damage consisted of rust and discoloration. Paragraph 398 of the Tariff Act of 1930 provides as follows:

398. No allowance or reduction of duties for partial loss or damage in consequence of rust or of discoloration shall be made upon any description of iron or steel, or upon any article wholly or partly manufactured of iron or steel, or upon any manufacture of iron or steel.

Because of this provision of the statute the collector of customs made no allowance for the damage to the merchandise but assessed duty upon the value of $8,427 at the rate of 40 per centum ad valorem under paragraph 372 of the same act, which provides, among other things, for textile machines not specially provided for and parts thereof.

It is claimed by the importer that parts of these machines were injured during their voyage to such an extent that their value was completely destroyed and therefore such parts constitute a nonimportation. Alternatively it is claimed that the correct rate of duty is 75 cents per ton under paragraph 301 as scrap iron or scrap steel. The latter claim was not advanced at the hearing nor is it mentioned in the brief filed on behalf of the plaintiff. Therefore the only question at issue appears to be whether the damage to these machines was such as to constitute nonimportation.

The only testimony produced was that of the plaintiff which was taken by deposition. He testified that he examined the goods at the pier in New York where they were unloaded and made an examination of the entire importation after it was unpacked at Lowell, N. C. He stated further in answer to interrogatories, that the goods consisted of three flat knitting machines for the knitting of rayon cloth and that many parts were covered with a chemical substance which apparently was an ingredient of the fluid poured on the cargo to extinguish the fire in the hold of the steamer; that the needles of the machines were especially damaged, became unusable and had to be discarded, and that other parts had to be cleaned and repaired before installation of the machines. The witness also testified that most of the damaged parts were discarded but some remained in the mill; that the materials of which each of the wholly unusable parts were composed were steel, cast iron, lead, aluminum, fiber and felt; that new parts were obtained to replace the wholly unusable ones.

To this deposition there were attached invoices for the new parts and other expenses occasioned by reason of injury to the machines.

Plaintiff's contention as set forth in the brief on file is that what the collector had before him for classification and assessment were certain parts of knitting machines properly assessable at 40 per centum ad valorem under paragraph 372, *supra*, and what had once been parts of the same machines but which, by reason of the fire, had become useless; that the merchandise as imported consisted not of damaged hosiery machines but certain sound parts of hosiery machines and certain other articles, the utility of which as machine parts had been destroyed. This seems to be at variance with the testimony produced by deposition that the merchandise examined by the deponent consisted of three flat knitting machines, and the statements

on the entry where the merchandise is described as 3 high speed warp loom machines with accessories.

The Court of Customs Appeals (now the Court of Customs and Patent Appeals) has held that:

> An article is damaged when its value, its usefulness, or its efficiency is only impaired. It is destroyed when its value, usefulness, and that which makes it what it is are completely lost.

The collector is presumed to have found all the facts to exist which were necessary to support his assessment. Therefore his refusal to make allowance for the merchandise which was damaged on the ground that it constituted a nonimportation—as claimed by the importer in his protest which was before the collector—carries with it the presumption that he found the merchandise to be such as the statute in paragraph 398, *supra*, expressly excluded from the general provisions for damaged merchandise. In fact, the collector's memorandum attached to the protest states:

> The appraiser reported that the damage consisted of rust and discoloration and in accordance with Par. 398 of the Act, no allowance could have been made in liquidation for any alleged damage.

The evidence shows that "many parts were covered with a chemical substance which *apparently* was an ingredient of the fluid poured on the cargo to extinguish the fire in the hold of the steamer." In answer to the question of whether he found any portions unusable for their intended purpose, the deponent stated that the needles became unusable and had to be discarded and other parts had to be cleaned and repaired, and that the needles were destroyed by corrosion. What the other parts, which had to be cleaned and repaired, consisted of, is not disclosed, although in answer to the question:

> Were all the parts in the importation corresponding with the parts on the invoices you have attached entirely unusable for their intended purpose? If so, please state which of such parts were wholly unusable.

He answered, "All the parts were unusable. The grinder purchased to repair some of the parts is still used in the mill in Lowell, N. C."

The case of *Poole Co.* v. *United States*, 9 Ct. Cust. Appls. 271, T. D. 38216, is cited by the plaintiff in support of his claim. That case involved an importation of cheese which had spoiled in transit and it was held that under the doctrine enunciated in the case of *Lawder* v. *Stone*, 187 U. S. 281, the portion of the shipment which had been utterly destroyed constituted a nonimportation and as such was not dutiable under the tariff laws. The rule announced in the *Lawder* v. *Stone* case, *supra*, has been recognized and followed by this court in many instances. The reason for the rule has been stated to be as follows: that it would be inequitable and presumably not within the intention of the lawmaking body to assess duty upon an article which

on a voyage to this country and prior to arrival within the limits of a port of entry had become utterly worthless by reason of casualty, decay, or other natural causes, and which the importer might rightfully abandon and refuse to receive or enter for consumption. However, in the case of the machines and parts here involved, the statute expressly prohibits allowance for partial loss or damage in consequence of rust or of discoloration upon any article wholly or partly manufactured of iron or steel, which description covers the knitting machines here involved. In the cases cited there was no specific prohibition in the statute against an allowance for damage on articles of the kind there involved. Therefore the cases cited are distinguishable from the instant case.

Inasmuch as the damage to these machines has been shown to have been caused by rust and discoloration during the course of the voyage, for which damage the statute prohibits allowance or reduction in duties, the court does not feel justified in granting relief from payment of duties upon the theory that the portions of the machines which were unusable constituted a nonimportation. The merchandise imported consisted of machines and accessories which were partially damaged. It is the opinion of the court that the collector acted within the law in refusing to allow for damage to such merchandise.

Plaintiff's alternative claim is also overruled.

Judgment will be rendered for the defendant.